# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| JOSHUA F. LINEBARGER, | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) Case No.: 3:25-CV-241-CLC-JEM ) |
| ROGER D. WILSON DETENTION FACILITY and KNOX COUNTY SHERIFF'S OFFICE, | ) ) ) ) ) |
| *Defendants*. | ) |

## MEMORANDUM & ORDER

Plaintiff, a prisoner of the Tennessee Department of Correction, formerly confined in the Knox County Detention Facility ("KCDF"), filed a *pro se* complaint for violation of § 1983 making various allegations about his confinement in the KCDF [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 2], and his inmate account certificate [Doc. 9]. The Court will address Plaintiff's *in forma pauperis* motion [Doc. 2] before screening the complaint [Doc. 1].

### I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

It appears from his motion for leave to proceed *in forma pauperis* [Doc. 2] and inmate account certificate [Doc. 9] that Plaintiff cannot pay the filing fee in one lump sum. Therefore, the motion [Doc. 2] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-

month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and(B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## II.   COMPLAINT SCREENING

### A.   Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Also, an allegation that does not raise a plaintiff's right to relief "above

2

a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. However, courts liberally construe *pro se* pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

B.     Allegations

Plaintiff first indicates that he has previously filed a lawsuit arising out of the same facts underlying this action that the state court dismissed, which he has appealed. [Doc. 1 p. 1–3.]

Plaintiff's claims are against the Roger D. Wilson Detention Facility and the Knox County Sheriff's Office. [*Id.* at 1, 3.] Plaintiff sets forth fully conclusory allegations in his complaint. [*Id*. at 3–4.] Specifically, Plaintiff states as follows:

> There are several claims of cruel and unusual punishment, unnecess[]ary rigors, [b]eing held in an unsafe facility, medical negl[i]gence, [d]ue process, a[c]cess to courts, to redress my govt. with grievances.
>
> There are several sub sections within each constitutional violation. All situations pertaining to this case were grieved upon, to at least the [h]olding facility. Also, I reported [h]appenings to several [g]ovt. and [g]ovt. affiliated agencies.

[*Id.*] As relief, Plaintiff requests the Court "[t]o act accordingly and provide a remedy to the fullest exten[s]ion of its jurisdiction possible," an injunction, "monies," and "declaratory[] and action orders." [*Id.* at 5.]

C.     Analysis

First, as set forth above, Plaintiff has only sued the KCDF and the Knox County Sheriff's Office. [*Id.* at 1, 3.] Neither a county detention facility or a sheriff's office is an entity subject to suit under § 1983. *See, e.g., Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts,

3

a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983." (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994))); *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983.").

Additionally, even if the Court liberally construes the complaint as against Knox County, which runs the KCDF and is a suable entity under § 1983, *see Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694–95 (1978), this municipality may only be liable under § 1983 if its official custom or policy caused a violation of Plaintiff's constitutional rights. *See id.* Plaintiff's complaint does not provide any facts from which the Court can plausibly infer that an official custom or policy of Knox County caused any of the incidents underlying his complaint. *See id.*

Accordingly, Court will **DISMISS** this action for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to provide a copy of this Memorandum and Order and the accompanying Judgment Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983. Accordingly, this action will be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

5